James A. Dumas (SBN 76284)
Christian T. Kim (SBN 231017)
DUMAS & KIM, APC.
915 Wilshire Blvd., Suite 1775
Los Angeles, California 90017
Email: jdumas@dumas-law.com;
ckim@dumas-law.com
Phone: 213-368-5000
Fax:    213-368-5009

Counsel for Creditor and Plaintiff
ACCLAIM RECOVERY MANAGEMENT, LLC

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>HENRY GEORGE BRENNAN and LISA ANN BRENNAN,<br><br>        Debtors<br>_____<br><br>ACCLAIM RECOVERY MANAGEMENT, LLC,<br><br>      Plaintiff,<br>          v.<br><br>HENRY GEORGE BRENNAN and LISA ANN BRENNAN,<br><br>      Defendants. | Case No. 8:24-bk-10717-TA<br><br>[Chapter 11]<br><br>Adversary No. 8:24-ap-01130-TA<br><br>[Honorable Theodor C. Albert]<br><br>**PROOF OF SERVICE OF SUMMONS & NOTICE OF STATUS CONFERENCE; ADVERSARY PROCEEDING SHEET; AND COMPLAINT OBJECTING TO THE DEBTORS' DISCHARGE (Bankruptcy Code subsections 727(a)(2)(B), (a)(3), (a)(4)(A), and (a)(5) AND TO THE DISCHARGEABILITY OF DEBTORS' DEBT TO PLAINTIFF (Bankruptcy Code subsections 523(A)(2)(a), (A)(4), and (A)(6))** |

| In re:  Henry G. Brennan & Lisa A. Brennan  (Acclaim Recovery v. Brennan) | CHAPTER: 7 |
| | CASE NUMBER: 8:24-bk-10717-TA |
| Debtor(s). | ADV. CASE NUMBER: 8:24-ap-01130-TA |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 915 Wilshire Blvd., Ste. 1775, Los Angeles, CA 90017.

A true and correct copy of the foregoing document entitled (*specify*): ***Summons & Notice of Status Conference; Adversary Proceeding Sheet; and Complaint Objecting to Discharge*** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) ***October 9, 2024*** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Arturo Cisneros (TR)    amctrustee@mclaw.org, acisneros@iq7technology.com;ecf.alert+Cisneros@titlexi.com
James A Dumas    jdumas@dumas-law.com, jdumas@ecf.inforuptcy.com
United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) ***October 4, 2024***, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

M. Candice Bryner, Outwater & Pinckes, LLP
900 Roosevelt
Irvine, CA 92620

Craig G Margulies, Margulies Faith LLP
16030 Ventura Blvd Ste 470
Encino, CA 91436

Henry George Brennan
42 Pine Valley Ln
Newport Beach, CA 92660

Lisa Anne Brennan
49950 Jefferson St Unite #13
PMB 397
Indio, CA 92201

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) ***October 4, 2024***, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

M. Candice Bryner   Email: candice@brynerlaw.com
Craig G Margulies   Email: Craig@MarguliesFaithlaw.com

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| ***October 9, 2024*** | Danielle M. Landeros | */s/ Danielle M. Landeros* |
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                        **F 9013-3.1.PROOF.SERVICE**

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br><br>Acclaim Recovery Management, LLC. | DEFENDANTS<br><br>Henry George Brennan and Lisa Ann Brennan |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Dumas & Kim, APC.  915 Wilshire Blvd., Ste. 1775<br>Los Angeles, CA 90017   Telephone: (213) 368-50000 | **ATTORNEYS** (If Known)<br><br>MARGULIES FAITH, LLP Craig G. Margulies<br>16030 Ventura Blvd., Ste. 470 Encino, California 91436<br>Telephone: (818) 705-2777 |
| **PARTY** (Check One Box Only)<br>□ Debtor       □ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor     □ Other<br>□ Trustee | **PARTY** (Check One Box Only)<br>☒ Debtor       □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor     □ Other<br>□ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

COMPLAINT OBJECTING TO THE DEBTORS' DISCHARGE (Bankruptcy Code subsections 727(a)(2)(B), (a)(3), (a)(4)(A), and (a)(5)
AND TO THE DISCHARGEABILITY OF DEBTORS' DEBT TO PLAINTIFF (Bankruptcy Code subsections 523(A)(2)(a), (A)(4), and (A)(6)

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
□ 11-Recovery of money/property – §542 turnover of property
□ 12-Recovery of money/property – §547 preference
□ 13-Recovery of money/property – §548 fraudulent transfer
□ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
□ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
□ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☒ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
□ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
□ 66-Dischargeability – §523(a)(1),(14),(14A) priority tax claims
☒ 62-Dischargeability – §523(a)(2), false pretenses, false representation,
         actual fraud
☒ 67-Dischargeability – §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
□ 61-Dischargeability - §523(a)(5), domestic support
☒ 68-Dischargeability - §523(a)(6), willful and malicious injury
□ 63-Dischargeability - §523(a)(8), student loan
□ 64-Dischargeability - §523(a)(15), divorce or separation obligation
         (other than domestic support)
□ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
□ 71-Injunctive relief – imposition of stay
□ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
□ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
□ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
□ 01-Determination of removed claim or cause

**Other**
□ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
□ 02-Other (e.g. other actions that would have been brought in state court
         if unrelated to bankruptcy case)

| □ Check if this case involves a substantive issue of state law | □ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| □ Check if a jury trial is demanded in complaint | Demand $   According to Proof |

Other Relief Sought

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>    Henry George Brennan & Lisa Ann Brennan | BANKRUPTCY CASE NO.<br>    8:24-bk-10717-TA | |
| DISTRICT IN WHICH CASE IS PENDING<br>    Central District | DIVISION OFFICE<br>    Santa Ana Division | NAME OF JUDGE<br>    Honorable Theodor C. Albert |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY<br>PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>    /s/ *James A. Dumas* | | |
| DATE<br><br>    10/4/2024 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br><br>    James A. Dumas | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

James A. Dumas (SBN 76284)
Christian T. Kim (SBN 231017)
DUMAS & KIM, APC.
915 Wilshire Blvd., Suite 1775
Los Angeles, California 90017
Email: jdumas@dumas-law.com;
ckim@dumas-law.com
Phone: 213-368-5000
Fax:    213-368-5009

Counsel for Creditor and Plaintiff
ACCLAIM RECOVERY MANAGEMENT, LLC

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SANTA ANA DIVISION

| | |
|---|---|
| In re | Case No. 8:24-bk-10717-TA |
| HENRY GEORGE BRENNAN and LISA ANN BRENNAN, | [Chapter 11, Subchapter V] |
| | Adversary No. |
| Debtors | [Honorable Theodor C. Albert] |
| | **COMPLAINT OBJECTING TO THE DEBTORS' DISCHARGE (Bankruptcy Code subsections 727(a)(2)(B), (a)(3), (a)(4)(A), and (a)(5) AND TO THE DISCHARGEABILITY OF DEBTORS' DEBT TO PLAINTIFF (Bankruptcy Code subsections 523(A)(2)(a), (A)(4), and (A)(6))** |
| ACCLAIM RECOVERY MANAGEMENT, LLC, | |
| Plaintiff, | |
| v. | |
| HENRY GEORGE BRENNAN and LISA ANN BRENNAN, | |
| Defendants. | |

COMES NOW creditor Acclaim Recovery Management, LLC, and as and for its Complaint herein, complains and alleges as follows:

## I.    <u>PARTIES AND JURISDICTION</u>

1.     Defendant Henry George Brennan, ("George") is, and at all times relevant herein, an individual residing in the County of Orange, and is a debtor in the within bankruptcy.

2.     Defendant Lisa Ann Brennan, ("Lisa") is, and at all times relevant herein, an individual residing in the County of Riverside, and is a debtor in the within bankruptcy.

3.     Plaintiff Acclaim Recovery Management, LLC ("Acclaim") is a limited liability company organized under and existing pursuant to the laws of the State of Delaware.

4.     The within bankruptcy case was commenced by the filing of a Chapter 11 petition on March 24, 2024.  The petition was amended to make it a proceeding under Subchapter V of Chapter 11 on June 4, 2024.

5.     Pursuant to an order of this Court, the deadline for objecting to the debtor's discharge and to the dischargeability of the debt of the plaintiff herein has been extended to October 5, 2024.

6.     This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334 and 157 because this is a civil proceeding arising in and/or related to the Debtors' Chapter 11 case and is being is brought pursuant to a creditor's right to object to the Debtors' discharge pursuant to the provisions of 11 U.S.C. § 727, and to seek a determination that its particular claim is non-dischargeable pursuant to the provisions of 11 U.S.C. § 523.

7.     This is a core proceeding under 28 U.S.C. § 157(b)(2).  Venue in the Central District of California, Santa Ana Division, is proper pursuant to 28 U.S.C. § 1409(a) because the Debtors' Chapter 11 bankruptcy case is pending in this district and division.

## II.    <u>FACTS COMMON TO EACH CLAIM FOR RELIEF</u>

8.     At all times relevant hereto, George and Lisa have been married, although in the summer of 2023 they separated and are currently in marital dissolution proceedings.

9.     Throughout the relevant period, George has worked as a cosmetic surgeon through his professional medical corporation, H. George Brennan, M.D., Inc. ("HGB Inc.") which has had its offices at 400 Newport Center Drive, Ste. 100, in Newport Beach.

10.     Starting in 2002, George began operating a surgery center through the entity Newport Beach Center for Surgery, LLC ("NBCS") at 400 Newport Center Drive, Ste. 102, the premises immediately adjacent to the HBG Inc. offices. At all times relevant, George served as the Managing Member of NBCS. Other physicians were also members of NBCS but their interests were a small fraction of the total ownership.

11.     At all times relevant, NBCS operated as a multi-specialty outpatient surgery center where multiple physicians performed reconstructive plastic surgery, cosmetic surgery, podiatry, orthopedics, ENT, pain management, gynecology, neurosurgery, and spine surgery. It was staffed with registered nurses, board certified anesthesiologists, surgical technicians, and administrative staff. NBCS was certified and accredited by the Accreditation Association for Ambulatory Health Care ("AAAHC"). The surgery center premises could only be accessed through HBG Inc. offices and were encompassed as part of the HBG, Inc. lease for Suite 100.

12.     Starting in 2016, for insurance billing purposes only, a second entity, Surgery Center of Newport Beach, LLC ("SCNB") also began to operate out of Suite 102. However, this entity was likewise owned and controlled by George and the same physicians, including George, performed surgeries there. Money was transferred between SCNB and NBCS as if they were the same business. At all times relevant, George was the managing member of SCNB.

13.     In 2019, for reasons to be discussed below, the operations and assets of NBCS and SCNB were transferred to Newport Multi-Specialty Surgery Center, LLC ("NMSSC") and Newport Surgery Center ("NSC"), entities alleged owned by Lisa and a partner, with Lisa allegedly owning 51%. Plaintiff is informed and believes that in fact Lisa had complete ownership and control of both entities. NMSSC and NSC assumed occupation of Suite 102 by reason of the HBG lease. George served as the medical director of NMSSC and NSC. Again, the two entities were used for what was in fact just one business solely for insurance billings purposes. Money was transferred between SCNB and NBCS as if they were the same business.

14.     At all times relevant, and until their 2023 separation, Lisa worked for HGB Inc., serving as its business/office manager and plaintiff is informed and believes that she is also managed NBCS, SCNB, NMSSC, and NSC, as well as the debtors' personal finances.

15.     On April 4, 2018, Acclaim obtained a California Superor Court judgment against NBCS (the "Acclaim Judgment"). On July 6, 2018, the Acclaim Judgment was amended so that it was in the total principal sum of $369,676.75. The judgment has since earned interest at the California statutory rate of 10% per annum.

16.     Acclaim was not the only party that was asserting claims and/or had obtained a judgment against NBCS. The balance sheet for NBCS as of January 18, 2019 showed $1,023,000 in liabilities that were classified as "contingent claims payable."

17.     In March, 2019, Acclaim took the judgment debtor exam of George, in his capacity as the representative of NBSC and otherwise threatened to begin collecting on its judgment. At that point, while NBSC had significant liabilities, it continued to have significant tangible and intangible assets, including accounts receivable, equipment, a leased premises with significant leasehold improvements, licenses, certifications and accreditations from AAAHC, an NPI number, and a relationship with the American College of Surgeons.

18.     In the spring of 2019, in order to protect the ongoing operations of the surgery center from judgment collection by Acclaim, and mindful of the other "contingent claims payable," George and Lisa caused all the operations and the tangible and intangible assets of NBCS and SCNB to be transferred to NMSSC and NSC and, thereafter and until April, 2021, the NMSSC and NSC, ostensibly owned by Lisa and a partner, operated the surgery center. No consideration for this transfer was paid to either NBCS or SCNB and, in fact, once the transfer had been accomplished, money continued to flow between NMSSC, NSC, HBG Inc., George, and Lisa as if they collectively constituted a common enterprise. However, the consequence of the transfer was that no assets were thereafter available for execution by Acclaim and other judgment creditors.

19.     The transfer of the assets of NBSC and SCNB to NMSSC and NSC was made by George and received by Lisa with the actual intent to hinder, delay, and defraud Acclaim and the collection on the Acclaim Judgment against NBSC. The assets were transferred without NBSC and SCNB receiving reasonably equivalent value and the transfers rendered them insolvent.

20.     Acclaim did not become aware, nor in the exercise of reasonable diligence could it have become aware, that the assets of the surgery center had been transferred away from NBSC and SCNB until January, 2024.

21.     The surgery center, now operated through NMSSC and NSC, continued to operate until April, 2021. At that point a transaction was entered into with an entity known as United Medical Doctors ("UMD") and a Dr. John J. Hong ("Dr. Hong"). Ostensibly, the transaction involved a sale of all of the assets of HBG, Inc. to UMD for the sum of $150,000 and the sale of the Lisa's ownership interest in NMSSC and NSC to Dr. Hong for the sum of $850,000. In fact, the sale of the assets of HBG, Inc. was a sham and George has continued to practice medicine and exercise complete control over the medical practice that had at all times been conducted through HBG, Inc., and receive all of the benefits to be derived from therefrom down to the present. The purported sale of the HBG, Inc. assets was solely for the purpose of accomplishing a transfer or termination of the lease of the surgery center premises which was in the name of HBG, Inc. and guaranteed by George. George and HBG, Inc. continue their medical practice at Suite 100, adjacent to the surgery center rent-free, with the rent being paid by UMD.

22.     The agreement for the purchase of Lisa's interest in NMSCC and NSC further provided that the proceeds from the sale of the interests would be used to repay an alleged loan from HBG, Inc. and George has further alleged that a term of the sale was that he would remain at the surgery center as the medical director. In fact, there is no evidence that any such loan was repaid and George did not sere as the medical director of the surgery center since the sale.  In spite of the fact that the surgery center remains adjacent to the HBG, Inc. offices, George has not performed surgeries there since the sale.

23.     The reality of the transaction with UMD and Dr. Hong was that the surgery center, inclusive of its assets and liabilities, was sold for $1,000,000. A $150,000 check from UMD was paid to George and an $850,000 check was paid to Lisa. Plaintiff is informed and believes, and on that basis alleges, that no consideration was paid to any other purported owner of NMSSC or NSC, although the purchaser took control of these entities free and clear of any claim that such purported owners could make.

24.    Plaintiff is informed and believes, and on that basis alleges, that what Dr. Hong and UMD were paying for was the value of the assets that had been transferred to NMSSC and NSC by NBSC and SCNB, but free of the latter entities' liabilities, including the liability to Acclaim.

25.    The proceeds of the sale to United Medical Doctors and Dr. Hong were placed in accounts largely controlled by Lisa but significant portions of them were used to make payments to or on behalf of George and HBG, Inc., and to pay the joint living expenses of George and Lisa.

26.    George was duly served with orders obtained by Acclaim that he appear for a judgment debtor exam to be held first on April 21 and then on August 16, 2023, in his capacity as the representative of NBSC, and to produce documents in connection therewith. In order to conceal his own property and that of Lisa, which consisted in part of the fraudulently conveyed assets of NBSC, as well as of the existence of claims against him by creditors of NBSC, including alter ego and fraudulent transfer claims that could be asserted against him and Lisa, George willfully failed to appear for this examination or to produce any documents and, as a consequence, Acclaim was hindered in its ability to collect on the Acclaim Judgment.

27.    On October 4, 2023, after the filing of a motion by Acclaim, the Acclaim Judgment was amended to include George and HGB Inc. as judgment debtors, upon a showing that NMSSC and NSC were mere successor entities to NBSC and SCNB. This amendment was subsequently vacated after George and HGB Inc. alleged that they had not been properly served with the motion papers. It was only in the motion to set aside the judgment that the George for the first time disclosed that NBSC was no longer operating the surgery center and that the surgery had been sold.

28.    On March 24, 2024, the debtors filed the within bankruptcy proceeding. Highly inaccurate and incomplete Schedules of Assets and Liabilities were filed soon therafter which failed to identify any of the bank accounts that the debtors maintained as of the filing date or which they had closed in the year prior to the filing. The Schedules and Statement of Affairs were later amended but remained inaccurate and incomplete, and they listed only four bank accounts that they had at the time of the bankruptcy filing.

29.    In spite of being in Chapter 11 and required to close his bank accounts, to put all of his funds in a debtor-in-possession account, and to account for his cash flow in monthly operating

1   reports, George failed to close his pre-petition accounts. Down to the present, he has received all of

2   his income and paid all of his personal expenses out of a pre-petition account or from an HGB, Inc.

3   account for which he provides no accountings in the Monthly Operating Reports he files with the

4   Court.

5          30.    Upon a motion by Acclaim, the Bankruptcy Court issued an order which required the

6   debtors, pursuant to Bankruptcy Rule 2004, to produce specified documents by September 4 and to

7   appear to be examined on September 6, 2024. As stated in the motion, a particular focus was the

8   production of documents and the provision of testimony that would account for the disposition of the

9   $1,000,000 received in the April, 2021 sale of the surgery center. In fact, no documents were

10  produced on September 4  and only a small portion of the documents were produced the night before

11  the exam and in the middle of the exam of September 6. George testified on September 6 that, as of

12  the time of the examination, he himself had done nothing to comply with the Court's order that he

13  produce documents.

14         31.    On September 6 Lisa falsely testified that she had had only a 51% interest in

15  NMSSC. She further testified that in 2022 she had transferred $100,000 to an entity identified as

16  Multi-Specialty Meetings, in which she had no interest and which she said was owned by a Dr. Lane

17  Smith, solely to conduct a continuing education seminar for unidentified doctors. She was unable to

18  explain what benefit she, George, or their businesses could derive from such an expenditure.

19  Plaintiff is informed and believes that the disposition of that $100,000 simply remains unexplained.

20  When asked about the disposition of $129,654 of the surgery center proceeds which she herself said

21  were still unspent as of January, 2023, she testified merely that they were exhausted by pre-petition

22  personal expenses.

23         32.    As such, both in the their testimony and their document production, the debtors failed

24  to adequately account for at least $229,654 of the surgery center sale proceeds. A further deadline of

25  September 18 was set for full compliance with the Court's order that documents be produced and

26  additional documents, but by no means all of the documents, were produced on September 20. The

27  deadline for objecting to the debtors' discharge and seeking a determination by Acclaim that its

28

claim would be non-dischargeable, which was originally June 24, 2024 was extended by court order to September 21 and then by stipulation and court order to October 5, 2024.

33.    Notwithstanding their belated production of documents, the debtors have failed to provide testimony or produce documents that would adequately account for at least $229,654 of the surgery center sale proceeds.

34.    The debtors, alerted by the questions and document requests at the Rule 2004 examination, on September 30, 2024 filed a second amended Schedule of Assets and Liabilities and a Statement of Affairs that belatedly identified additional bank accounts.

### III.    FIRST CLAIM FOR RELIEF
(Concealment of Property of the Estate Against Both Debtors)
(11 U.S.C. § 727 (a)(2))

35.    Plaintiff refers to and incorporates herein by reference the allegations of paragraphs 1 through 34 hereof.

36.    George, with the intent to the intent to hinder, delay, and defraud Acclaim, and to conceal the right of Acclaim to pursue claims against him and his property, willfully failed to appear for his Judgment Debtor Examination and to produce documents within one year before the date of the filing of the petition herein.

37.    Both debtors, with the intent to hinder, delay, and defraud Acclaim, have concealed assets of the estate post-petition, including bank deposits, post-petition cash flow, and the existence of evidence in support of alter ego and fraudulent transfer claims against them.

38.    As a consequence of their concealment of assets, the debtors should have their discharges denied pursuant to 11 U.S.C. § 727 (a)(2)(A) and (B).

### IV.    SECOND CLAIM FOR RELIEF
(Concealment and/or Failure to Preserve Documents Against Both Debtors)
(11 U.S.C. § 727 (a)(3))

39.    Plaintiff refers to and incorporates herein by reference the allegations of paragraphs 1 through 34 hereof.

40.     The debtors have concealed and/or failed to preserve documents from which their financial condition and business transactions can be ascertained in that they have concealed and/or failed to preserve records of the many bank accounts which they controlled both pre- and post-petition from which one could ascertain the nature and extent of their assets, and the disposition of at least $229,654 of the $1,000,000 in sales proceeds from the April, 2021 sale of the surgery center.

41.     As a consequence of their concealment and/or failure to preserve documents, the debtors should have their discharges denied pursuant to 11 U.S.C. § 727 (a)(3).

## V.     THIRD CLAIM FOR RELIEF

### (False Oath Against Lisa Brennan)

### (11 U.S.C. § 727 (a)(4)(A))

42.     The Trustee refers to and incorporates herein by reference the allegations of paragraphs 1 through 34 hereof.

43.     Lisa Brennan made a false oath when she testified under oath at her Rule 2004 examination on September 6, 2024, that she was only a 51% owner of NMSSC, that she paid the $100,000 to Multi-Specialty Meetings solely to conduct continuing education seminars, and that the $129,654 of the surgery center sales proceeds she testified were still left in January, 2023, were exhausted solely with personal expenses.

44.     As a consequence of her false testimony, Lisa Brennan should have her discharge denied  pursuant to 11 U.S.C. § 727 (a)(4)(A).

## VI.     FOURTH CLAIM FOR RELIEF

### (Failure to Explain Deficiency of Assets Against Both Debtors)

### (11 U.S.C. § 727 (a)(5))

45.     The Trustee refers to and incorporates herein by reference the allegations of paragraphs 1 through 34 hereof.

46.    The Debtors have failed to explain satisfactorily, any loss of assets or deficiency of assets to meet their liabilities, including their failure to adequately account for the disposition of the $1,000,000 received for the sale of the surgery center.

47.    As a consequence of their failure to satisfactorily explain their loss of assets or deficiency of assets to meet their liabilities, the debtors should have their discharges denied pursuant to 11 U.S.C. § 727 (a)(5).

## VII.    FIFTH CLAIM FOR RELIEF

(For Actual Fraud Against Both Debtors)

(11 U.S.C. § 523 (a)(2)(A))

48.    The Trustee refers to and incorporates herein by reference the allegations of paragraphs 1 through 34 hereof.

49.    In effectuating the fraudulent transfer of the assets, with the specific intent of hindering the collection of the Acclaim Judgment, the debtors hindered Acclaim by means of actual fraud.

50.    As a consequence of the debtors' actual fraud intended to hinder collection of the Acclaim Judgment, Acclaim is entitled to a determination that its claims against the debtors are non-dischargeable in the bankruptcy pursuant to 11 U.S.C. §523 (a)(2)(A).

51.    Acclaim is entitled to a money judgment against the debtors on the within claim for relief equal to the amount of the Acclaim Judgment plus California statutory interest.

## VIII.    SIXTH CLAIM FOR RELIEF

(For Fraud and/or Defalcation While Acting in a Fiduciary Capacity Against George Brennan)

(11 U.S.C. § 523 (a)(4))

52.    The Trustee refers to and incorporates herein by reference the allegations of paragraphs 1 through 34 hereof.

53.    As a consequence of the fact that he was the managing member of both NBSC and SCNB in 2019, and that they were insolvent at that time, or would be rendered insolvent by a

1    transfer of substantially all of their assets, George owed a fiduciary duty not just to NBSC and

2    SCNB but also to their creditors, including Acclaim. George violated that fiduciary duty, and was

3    guilty of fraud and/or defalcation while acting in a fiduciary capacity, by making the fraudulent

4    transfers to NMSSC and NSC.

5        54.    As a consequence of the George's fraud and defalcation while acting in a fiduciary

6    capacity, Acclaim is entitled to a determination that its claims against the debtors are non-

7    dischargeable in the bankruptcy pursuant to 11 U.S.C. §523 (a)(4).

8        55.    Acclaim is entitled to a money judgment against George on the within claim for relief

9    equal to the amount of the Acclaim Judgment plus California statutory interest.

10

11    **IX.    SEVENTH CLAIM FOR RELIEF**

12    (For Fraud and/or Defalcation While Acting in a Fiduciary Capacity Against George Brennan)

13    (11 U.S.C. § 523 (a)(4))

14        56.    The Trustee refers to and incorporates herein by reference the allegations of

15    paragraphs 1 through 34 hereof.

16        57.    As a consequence of the fact that he was the managing member of both NBSC and

17    SCNB in 2019, and that they were insolvent at that time, or would be rendered insolvent by a

18    transfer of substantially all of their assets, George owed a fiduciary duty not just to NBSC and

19    SCNB but also to their creditors, including Acclaim. George violated that fiduciary duty, and was

20    guilty of fraud and/or defalcation while acting in a fiduciary capacity, by making the fraudulent

21    transfers to NMSSC and NSC.

22        58.    As a consequence of the George's fraud and defalcation while acting in a fiduciary

23    capacity, Acclaim is entitled to a determination that its claims against the debtors are non-

24    dischargeable in the bankruptcy pursuant to 11 U.S.C. §523 (a)(4).

25        59.    Acclaim is entitled to a money judgment against George on the within claim for relief

26    equal to the amount of the Acclaim Judgment plus California statutory interest.

27    ///

28    ///

### X.     **EIGHTH CLAIM FOR RELIEF**

(Against Both Debtors For Willful and Malicious Injury)

(11 U.S.C. § 523 (a)(6))

60.     The Trustee refers to and incorporates herein by reference the allegations of paragraphs 1 through 34 hereof.

61.     The aforedescribed acts of the debtors constituted willful and malicious injury by them to Acclaim. As such, Acclaim is entitled to a determination that its claims against the debtors are non-dischargeable in the bankruptcy pursuant to 11 U.S.C. §523 (a)(6).

62.     Acclaim is entitled to a money judgment against the debtors on the within claim for relief equal to the amount of the Acclaim Judgment plus California statutory post-judgment interest.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff seeks judgment as follows:

1.     For an order denying the Debtors a discharge;

2.     For an order determining that claims of Plaintiff are non-dischargeable

3.     For a money judgment equal to the amount of the Acclaim Judgment plus California. Statutory post-judgment interest.

4.     For costs of suit herein incurred; and

5.     For such other and further relief as the court may deem just and proper.

DUMAS & KIM, APC.

Date: October 3, 2024

By: /s/ James A. Dumas

James A. Dumas, Counsel for Plaintiff Acclaim Recovery Management, LLC

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| James A Dumas Jr<br>Dumas & Kim, APC.<br>915 Wilshire Blvd.<br>Suite 1775<br>Los Angeles, CA 90017<br><br>213–368–5000<br><br><br><br><br>_Plaintiff or Attorney for Plaintiff_ | |

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA

| In re:<br><br><br>Henry George Brennan and Lisa Anne Brennan<br><br><br>Debtor(s). | CASE NO.:  8:24–bk–10717–TA<br><br>CHAPTER:  11<br><br>ADVERSARY NUMBER: 8:24–ap–01130–TA |
|---|---|
| Acclaim Recovery Management, LLC.,<br><br>Plaintiff(s)<br>Versus<br>Henry George Brennan<br><br>**(See Attachment A for names of additional defendants)**<br>Defendant(s) | **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004–1]** |

TO THE DEFENDANT(S): A Complaint has been filed by the Plaintiff against you. If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint. You must also serve a copy of your written response on the party shown in the upper left–hand corner of this page. The deadline to file and serve a written response is **11/04/2024.** If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

 A status conference in the adversary proceeding commenced by the Complaint has been set for:

| | |
|---|---|
| **Date:** | **January 9, 2025** |
| **Time:** | **10:00 AM** |
| **Hearing Judge:** | **Theodor Albert** |
| **Location:** | **411 W Fourth St., Crtrm 5B, Santa Ana, CA 92701** |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

**You must comply with LBR 7016–1, which requires you to file a joint status report and to appear at a status conference.** All parties must read and comply with the rule, even if you are representing yourself. You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference. A court–approved joint status report form is available on the court's website (LBR form F 7016–1.STATUS.REPORT) with an attachment for additional parties if necessary (LBR form F 7016–1.STATUS.REPORT.ATTACH). If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference. **The court may fine you or impose other sanctions if you do not file a status report. The court may also fine you or impose other sanctions if you fail to appear at a status conference.**

**KATHLEEN J. CAMPBELL
CLERK OF COURT**

Date of Issuance of Summons and Notice of Status Conference in Adversary Proceeding: October 4, 2024

By: _____"s/" Glenda Deramus_____

Deputy Clerk

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2016                          Page 2                    **F 7004–1.SUMMONS.ADV.PROC**

# ATTACHMENT A
## Names of plaintiffs and defendants

| Plaintiff(s): | Defendant(s): |
|---|---|
| Acclaim Recovery Management, LLC., | Henry George Brennan<br>Lisa Ann Brennan |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

# ATTACHMENT A

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

A true and correct copy of the foregoing document entitled: **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004–1]** and (2) the accompanying pleading(s) entitled:

_____

_____

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005–2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐  Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐  Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| _____ | _____ | _____ |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*

**F 7004–1.SUMMONS.ADV.PROC**

| In re: Henry G. Brennan & Lisa A. Brennan  (Acclaim Recovery v. Brennan) | CHAPTER: 7 |
| | CASE NUMBER: 8:24-bk-10717-TA |
| Debtor(s). | ADV. CASE NUMBER: 8:24-ap-01130-TA |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 915 Wilshire Blvd., Ste. 1775, Los Angeles, CA 90017.

A true and correct copy of the foregoing document entitled (*specify*): **Summons & Notice of Status Conference; Adversary Proceeding Sheet; and Complaint Objecting to Discharge** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **October 9, 2024** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Arturo Cisneros (TR)    amctrustee@mclaw.org, acisneros@iq7technology.com;ecf.alert+Cisneros@titlexi.com
James A Dumas    jdumas@dumas-law.com, jdumas@ecf.inforuptcy.com
United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) **October 9, 2024**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

M. Candice Bryner, Outwater & Pinckes, LLP
900 Roosevelt
Irvine, CA 92620

Craig G Margulies, Margulies Faith LLP
16030 Ventura Blvd Ste 470
Encino, CA 91436

Henry George Brennan
42 Pine Valley Ln
Newport Beach, CA 92660

Lisa Anne Brennan
49950 Jefferson St Unite #13
PMB 397
Indio, CA 92201

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **October 9, 2024**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

M. Candice Bryner  Email: candice@brynerlaw.com
Craig G Margulies  Email: Craig@MarguliesFaithlaw.com

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| **October 9, 2024** | Danielle M. Landeros | */s/ Danielle M. Landeros* |
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**